T.C. Summary Opinion 2002-54

UNITED STATES TAX COURT

MANUEL AND LUELLA J. DELARA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9265-01S.                    Filed May 17, 2002.

Manuel and Luella J. Delara, pro se.

<u>Douglas S. Polsky</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $5,366 in petitioners' Federal income tax for 1999, an addition to tax under section 6651(a)(1) in the amount of $122, and a penalty under section 6662(a) in the amount of $1,073.

In the notice of deficiency, respondent made several adjustments disallowing some of the itemized deductions claimed by petitioners on Schedule A, Itemized Deductions, of their 1999 return. In the stipulation filed with the Court, the parties agreed that petitioners were entitled to charitable contribution deductions of $330.70 instead of $6,968 claimed on their return; that petitioners were entitled to a deduction for home mortgage interest of $6,586.31 instead of $11,686 claimed on their return; that petitioners were entitled to a deduction for taxes paid of $2,575.56 instead of $2,117 claimed on their return; and that petitioners were entitled to a deduction for moving expenses of $391, for which no amount was claimed on their tax return. The other Schedule A adjustment was the disallowance in the notice of deficiency of $9,781 claimed for unreimbursed employee expenses and tax preparation fees. No concessions were made by respondent on these disallowed deductions. With these concessions, petitioners conceded all other adjustments, including the addition to tax under section 6651(a)(1). Thus, the issues remaining are whether petitioners are liable for the accuracy-

related penalty under section 6662(a) and a penalty under section 6673(a).

Petitioners were both employed full time during 1999. Mr. Delara was a produce manager for a grocery chain, and Mrs. Delara was employed by a wholesaler. Together their wages totaled $79,758 for 1999. Along with two other income items, their total income was $80,172. The itemized deductions claimed on their return totaled $28,945.

In the years prior to 1999, petitioners always utilized the services of an accountant or a recognized tax preparation service for the preparation of their income tax returns. Petitioners moved to Albuquerque, New Mexico, in June 1999. On the recommendation of Mrs. Delara's sister and her husband, petitioners engaged Robin Beltran (Mr. Beltran) to prepare their 1999 return. Their return was received by respondent's Austin, Texas, office on May 8, 2000. Petitioners did not know Mr. Beltran. They believed he was a certified public accountant because they noticed a plaque in his office that they thought might have related to Mr. Beltran being a certified public accountant; however, they did not read the plaque or otherwise attempt to obtain information from others about Mr. Beltran's qualifications.

After petitioners' return was prepared by Mr. Beltran, they did not review the contents of the return. There is no evidence

in the record to indicate that petitioners presented any documentation to Mr. Beltran to substantiate the itemized deductions claimed on their return; there is no evidence that Mr. Beltran asked for any records, and petitioners did not question Mr. Beltran about the contents of the return or the need to present any documentary information. The amounts claimed as deductions for charitable contributions and home mortgage interest were substantially in excess of the amounts petitioners actually paid, along with the unreimbursed employee expenses. Petitioners contend they should be absolved of liability for the section 6662 penalties because they relied on their return preparer.[2]

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined

---

[2] This case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same inflated deductions. At some point in the audit process, Mr. Beltran ceased all communications with his former clients.

the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).  Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge and education of the taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202,

222 (1992). Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter. Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer, Mr. Beltran. They did not review the return prepared by Mr. Beltran. Petitioners clearly did not make a reasonable effort to determine whether their return was accurate. Petitioners made no effort to contact other tax professionals to verify the accuracy of the return prepared by Mr. Beltran. The Court is satisfied from the

record that Mr. Beltran knew, or had reason to know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioners on the amount of their allowable deductions. Mr. Beltran never sought the correct amount of petitioners' charitable contributions and employee business expenses, nor did petitioners offer any evidence of these expenses. The Court is further satisfied that petitioners knew they were required by law to substantiate all items of income and expense shown on their returns. Based on the overpayments shown on the returns, which petitioners were well aware of, and which substantially exceeded the amounts generally received by them in prior years, petitioners had reason to know that the claimed overpayments had to be based on erroneous information on the returns. Petitioners were far more impressed with the bottom-line numbers than the numbers used to arrive at the results shown on the returns. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalty for 1999.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. Although petitioners conceded the deficiency, after allowance for

certain expenses that were substantiated to respondent's satisfaction, the Court considers petitioners' claim that they should not be liable for the section 6662(a) penalty to be frivolous and groundless. Petitioners knew that a substantial portion of the itemized deductions at issue was false and could not be sustained. Petitioners should have had reservations at the time the return was filed as to the accuracy of the claimed itemized deductions, particularly when they were never requested by the return preparer as to the amount of and/or the documentation to substantiate the amounts reported on the return. Petitioners knew that they were entitled to deduct only amounts that they had actually paid. They made no attempt to determine the qualifications of their return preparer; they did not consult with tax professionals as to the accuracy of Mr. Beltran's representations; and, moreover, they cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. At trial, petitioners realized that they had no case with respect to the deficiency but chose to continue to challenge the imposition of the penalty under section 6662(a). Any reasonable and prudent person, under the facts presented to the Court, should have known that the claimed deductions could not have been sustained, and

petitioners knew that.  We do not and should not countenance the use of this Court as a vehicle for a disgruntled litigant to proclaim the wrongdoing of another, their return preparer, as a basis for relief from a penalty that was determined by respondent on facts that clearly are not sustainable.  <u>Golub v. Commissioner</u>, T.C. Memo. 1999-288.  Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel.  Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>
<u>under Rule 155.</u>